UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN ROBERTSON, et al.,

        Plaintiff,

  v.

INSURANCE AUTO AUCTIONS, INC., et al.,

        Defendants.

C17-1233 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1)    Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim for Relief Under Rule 12(b)(6), docket no. 16 (the "Motion"), is GRANTED in part and DENIED in part. The Court is satisfied that the Amended Complaint, docket no. 13, alleges facts sufficient to state a plausible claim for breach of implied agreement and breach of the implied duties of good faith and fair dealing, *see* Amended Complaint at ¶¶ 42–46. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Plaintiffs have also stated enough facts to reasonably infer that Plaintiffs were the procuring cause of the 110th Business Court property transaction alleged in the Amended Complaint, ¶¶ 30–41. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court DISMISSES without prejudice Plaintiffs' promissory estoppel claim. *See* Amended Complaint at ¶¶ 51–55. Plaintiffs have not identified any "clear and definite" statement that manifests an intent to act in a specified way such that Plaintiffs were justified in relying on that statement.[1] *See*

---

[1] The Amended Complaint only identifies two alleged statements underlying Plaintiffs' promissory estoppel claim. *See* Amended Complaint at ¶ 52. But Plaintiffs point to three statements in their Response to Defendants' Motion to Dismiss, docket no. 19, that they argue support their promissory estoppel claim. *See id.* at 5 n.4. For the sake of clarity, the Court notes that none of these statements constitute a "promise" under the standards discussed herein.

MINUTE ORDER - 1

1 *Havens v. C & D Plastics, Inc.*, 124 Wash. 2d 158, 172, 876 P.2d 435 (1994); *Lacey Marketplace Assocs. II, LLC, v. United Farmers of Alberta Co-op. Ltd.*, Nos. C13–0383JLR, C13–0384JLR, 2015 WL 403165, at *9 (W.D. Wash. Jan. 28, 2015). Thus, Plaintiffs have not alleged a cognizable "promise" for purposes of establishing a prima facie estoppel claim. *See Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wash.2d 255, 259, 616 P.2d 644 (1980). Furthermore, the alleged statements made by Defendant Peter Doder to Plaintiffs were made as an agent on behalf of a disclosed principal. These statements are therefore insufficient to individually bind Doder in contract under the facts alleged in the Complaint. *Rho Co. v. Dep't of Revenue*, 113 Wn.2d 561, 586, 782 P.2d 986 (1989). While Plaintiffs suggest that Doder could be liable in tort, *see* Amended Complaint at ¶ 54, Plaintiffs do not assert any tort claim against Doder. Defendant Peter Doder is therefore DISMISSED from this lawsuit without prejudice. Finally, the Court DISMISSES without prejudice Plaintiffs' request for attorneys' fees. Plaintiffs have not alleged any cognizable legal theory in support of this relief and their request is therefore implausible. *Iqbal*, 556 U.S. at 678.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of March, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2